ELLEN F. ROSENBLUM
Attorney General
DARSEE STALEY  #873511
J. NICOLE DEFEVER  #030929
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Darsee.Staley@doj.state.or.us
           Nicole.DeFever@doj.state.or.us

Attorneys for Intervenor Oregon Water Resources Department

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KLAMATH IRRIGATION DISTRICT,<br><br>         Movant,<br><br>    v.<br><br>UNITED STATES BUREAU OF RECLAMATION,<br><br>         Respondent. | Case No.  1:21-cv-00504-AA<br><br>OREGON WATER RESOURCES DEPARTMENT'S UNOPPOSED MOTION TO INTERVENE |

**Certificate of Compliance with Local Rule 7-1**

The parties conferred on this motion and no party objects to this motion.

**Motion to Intervene**

The Oregon Water Resources Department (OWRD) respectfully moves to intervene in this matter pursuant to Federal Rules of Civil Procedure Rule 24(a)(2) because OWRD has a protectable interest that is not adequately represented by the existing parties and, alternatively, under Rule 24(b)(2) because the Motion for Preliminary Injunction is based on an order issued

Page 1 -    OREGON WATER RESOURCES DEPARTMENT'S UNOPPOSED MOTION TO
            INTERVENE
            39886980

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

by the OWRD that is pending review in the Klamath County (Oregon) Circuit Court. In support of this Motion, the State relies upon the Rules, the Motion for Preliminary Injunction, the Notice of Removal, the Declaration of Darsee Staley which attaches the proposed response pursuant to Rule 24(c), and the following Memorandum in Support.

## Memorandum in Support

### I. INTRODUCTION

Oregon's comprehensive general stream adjudication for the Klamath River and its tributaries has been ongoing for decades. The administrative phase of the Klamath Basin Adjudication (KBA), conducted by OWRD, was concluded in 2013. Since then, judicial review has been ongoing pursuant to the exclusive jurisdiction vested in the Klamath County (Oregon) Circuit Court as the adjudication court.

Oregon's interest in the KBA is the core of its interest in this proceeding. The Klamath Irrigation District filed the Motion for Preliminary Injunction in the adjudication court and argues, as a threshold matter, that federal law mandates that the U.S. Bureau of Reclamation comply with the Amended and Corrected Findings of Fact and Order of Determination (ACFFOD). Oregon's water is an essential public resource and OWRD is the state agency charged with implementing and enforcing not only the adjudication statutes but also the Water Code, the Groundwater Act and all components of the statutory and regulatory scheme.

OWRD seeks to participate in this Court's review of the Motion for Preliminary Injunction to protect its interest in the integrity of the KBA as the comprehensive and exclusive process for determination of the relative rights to use the water of the Klamath River and its tributaries including Upper Klamath Lake in Oregon.

### II. STATUS OF PROCEEDINGS

The Klamath Irrigation District (KID) filed the Motion for Preliminary Injunction in state court on March 29, 2021. The U.S. Bureau of Reclamation (Bureau) filed its Notice of Removal

Page 2 -   OREGON WATER RESOURCES DEPARTMENT'S UNOPPOSED MOTION TO INTERVENE
39886980

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

on April 5, 2021.  The Court held a status conference on April 8, 2021, and has set the hearing for April 28, 2021.

OWRD seeks to participate as a party-respondent and to oppose the Motion for Preliminary Injunction to the extent it asks this Court to rule on the validity of the ACFFOD, or on the scope and attributes of any claims determined in the ACFFOD, or on anything else that might interfere with the orderly continuation of the judicial review process in the adjudication court.

## III.     ARGUMENT

### A.     OWRD is entitled to intervention as a matter of right.

Rule 24(a)(2) provides that any person is entitled to intervention as a matter of right if the motion is timely and demonstrates that the moving party has an interest in the subject matter of the action which may, as a practical matter, be impaired or impeded without the prospective intervenor's participation.  Fed. R. Civ. P. 24(a)(2); *California ex rel Lockyer v. U.S.*, 450 F.3d 436, 440 (9th Cir. 2006).  In applying this test, the courts have emphasized that it is to be construed broadly in favor of applications for intervention.  *Id.*

The requirement of timeliness is calculated to avoid unreasonable delay.  *See Blake v. Pallan*, 554 F.2d 947, 951-52 (9th Cir. 1977); *Waller v. Financial Corp. of America*, 828 F.2d 579, 583 (9th Cir. 1987).  This motion is timely.  OWRD will comply with the current briefing schedule and therefore will not cause delay.

The "interest" component of the test for intervention is applied flexibly.  *See Citizens for Balanced Use v. Montana Wilderness Association*, 647 F.3d 893, 897 (9th Cir. 2011) (the movant "must establish that the interest is protectable" and "a relationship [with] the claims at issue.").  Here, OWRD's interest in the subject matter of the action is clear.  The basis for the Motion for Preliminary Injunction is an order issued by OWRD.  OWRD is defending the findings and conclusions of the order on judicial review in state court and has an interest in

Page 3 -   OREGON WATER RESOURCES DEPARTMENT'S UNOPPOSED MOTION TO INTERVENE
39886980

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ensuring the preservation of the statutory framework that OWRD is charged with implementing and enforcing.

The question of whether the movant's interest will be impaired or impeded is decided on a practical basis, considering whether the decision would have a substantial effect on the prospective intervenor's interest including the creation of precedent. *See e.g., California ex rel Lockyer*, 450 F.3d at 442 (stating the general rule); *Smith v. Pangilinan,* 651 F.2d 1320, 1325 (9th Cir. 1981) (*stare decisis* effect of the court's judgment can provide the basis for intervention).  Here, any decision that implicates a "pre-judgment" of the determined claims under review in the adjudication—even unintentionally—will impair and impede the adjudication process.

KID and the Bureau are claimants, contestants and exceptors in the adjudication process. OWRD's role is markedly different and in many instances is not fully aligned with either party. Rather, OWRD advocates for the proper interpretation of state law and the application of that law to facts developed in the administrative process.  Here also, OWRD's perspective will not necessarily be represented by the existing parties.  The Supreme Court has held that the inadequate representation requirement is satisfied if representation of the prospective intervenor's interest "may be" inadequate, and that the burden of demonstrating this possibility "should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972).

### B.     Alternatively, OWRD should be granted permissive intervention.

Rule 24(b)(2) provides that, "[o]n timely application, the court may permit a federal or state government officer or agency to intervene if a party's claim or defense is based on" an order issued under a statute "administered by the officer or agency."  Fed. R. Civ. Pro. 24(b)(2). The decision whether to grant such an application rests with the court's discretion.  Fed. R. Civ. Pro. 24(b)(3).  In exercising its discretion, the court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  *Id.*

Page 4 -   OREGON WATER RESOURCES DEPARTMENT'S UNOPPOSED MOTION TO
             INTERVENE
          39886980

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Generally, permissive intervention rests on three conditions: (1) there must be independent grounds for jurisdiction, (2) the motion must be timely, and (3) there must be a common question of law or fact. *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). These conditions are satisfied here.

First, assuming this Court has jurisdiction over the Motion for Preliminary Injunction, it has jurisdiction to consider OWRD's responsive arguments. Second, OWRD's request for intervention is timely, will not cause delay in the existing schedule, and no party opposes OWRD's participation as a party. Third, OWRD will address the state law asserted by KID as grounds for the Motion for Preliminary Injunction.

As for the additional question of whether granting intervention causes delay or prejudice to the original parties, OWRD is aware of no basis for concern. OWRD has met the current case schedule by submitting its response to the Motion for Preliminary Injunction, along with this motion to intervene, on the date agreed upon by the Bureau and will file it promptly after the Court rules. OWRD will abide by the schedule set by the Court. The matter has been pending before the Court for only one week and the parties' consent to intervention supports the conclusion that OWRD's participation will not prejudice the rights or interests of KID or the Bureau.

//
//
//
//
//
//
//
//

Page 5 -   OREGON WATER RESOURCES DEPARTMENT'S UNOPPOSED MOTION TO INTERVENE
39886980

## IV. CONCLUSION

For the reasons above, OWRD respectfully requests that the Court grants its motion to intervene as a matter of right or, in the alternative, for permissive intervention.

DATED April  12 , 2021.

                                          Respectfully submitted,

                                        ELLEN F. ROSENBLUM
                                        Attorney General

                                        *s/ Darsee Staley*
                                        DARSEE STALEY #873511
                                        J. NICOLE DEFEVER  #030929
                                        Senior Assistant Attorneys General
                                        Trial Attorneys
                                        Tel (971) 673-1880
                                        Fax (971) 673-5000
                                        Darsee.Staley@doj.state.or.us
                                        Nicole.DeFever@doj.state.or.us
                                        Of Attorneys for State of Oregon

Page 6 -   OREGON WATER RESOURCES DEPARTMENT'S UNOPPOSED MOTION TO
           INTERVENE
           39886980

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000